THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Washington Corporation; QUALTRICS INTERNATIONAL INC., a Delaware Corporation; and QUALTRICS LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 2:23-cv-0718-JCC<br><br>**DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR:** SEPTEMBER 11, 2023<br><br>ORAL ARGUMENT REQUESTED |

MICROSOFT'S REPLY IN SUPP. OF MOT. TO DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

    A.    Plaintiff Has Not Identified Any Well-Pleaded Facts to Sustain Her Claim. ......... 2

    B.    Plaintiff Consented to Kaiser's Provision of Information to Third Parties. .......... 4

    C.    Plaintiff's CIPA Claims Should Be Dismissed ...................................................... 5

        1.    Both Plaintiff's CIPA Claims Fail Because She Has Not Sufficiently Alleged that Microsoft Could Identify Her. ........................... 5

        2.    Plaintiff's Section 631 Claim Fails Because She Does Not Allege Microsoft Used Telephone or Telegraph Wires ....................................... 6

        3.    Plaintiff's Section 632 Claim Is Deficient and Must Also Be Dismissed. ........................................................................................................ 7

    D.    Plaintiff's Other Privacy Claims Are Fatally Deficient. ....................................... 7

    E.    Plaintiff's CFAA Claim Fails Because Plaintiff Has Not Pleaded a Covered Intrusion and Cognizable Loss. .............................................................. 8

    F.    Plaintiff's Unjust Enrichment Claim Must Be Dismissed ................................... 9

    G.    Plaintiff's UCL Claim Fails. .................................................................................. 10

    H.    Plaintiff's Larceny and Conversion Claims Must Be Dismissed ......................... 11

    I.    Plaintiff Cannot Assert Punitive Damages. .......................................................... 12

CONCLUSION ................................................................................................................. 12

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - i

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agape Family Worship Center, Inc. v. Gridiron*,
  2016 WL 633864 (C.D. Cal. Feb. 16, 2016) ................................................................12

*Andrews v. Sirius XM Radio Inc.*,
  932 F.3d 1253 (9th Cir. 2019) .......................................................................................9

*Brodsky v. Apple, Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) ...........................................................................3

*Brown v. Google LLC*,
  525 F. Supp. 3d 1049 (N.D. Cal. 2021) ......................................................................4, 5

*Byars v. Goodyear Tire & Rubber Co.*,
  2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ...............................................................3, 4

*Campbell v. Facebook, Inc.*,
  77 F. Supp. 3d 836 (N.D. Cal. 2014) ...........................................................................10

*Cook v. GameStop*,
  2023 WL 5529772 (W.D. Pa. Aug. 28, 2023) ........................................................ passim

*Cottle v. Plaid, Inc.*,
  536 F. Supp. 3d 461 (N.D. Cal. 2021) ...........................................................................9

*Doe v. Goldman*,
  169 F.R.D. 138 (D. Nev. 1996) ......................................................................................6

*Doe v. Meta Platforms, Inc.*,
  No. 3:22-cv-03580, Dkt. 298 (N.D. Cal. Aug. 15, 2023) ..............................................8

*In re Facebook Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) .......................................................................................11

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
  402 F. Supp. 3d 767 (N.D. Cal. 2019) ...........................................................................3

*In re Google Assistant Privacy Litig.*,
  457 F. Supp. 3d 797 (N.D. Cal. 2020) ...........................................................................6

*Greenley v. Kochava, Inc.*,
  2023 WL 4833466 (S.D. Cal. July 27, 2023) ..............................................................11

*Grouse River Outfitters, Ltd. v. Oracle Corp.*,
  848 Fed. App'x 238 (2021) ..........................................................................................11

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - ii

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Hammerling v. Google LLC*,
    2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) ............................................................................ 10

*Hammerling v. Google LLC*,
    615 F. Supp. 3d 1069 (N.D. Cal. 2022) ................................................................................... 10

*Ji v. Naver Corp.*,
    2022 WL 4624898 (N.D. Cal. Sept. 30, 2022) ......................................................................... 11

*Katz-Lacabe v. Oracle America, Inc.*,
    2023 WL 2838118 (N.D. Cal. Apr. 6, 2023) ............................................................................ 10

*Kroeger v. Vertex Aerospace LLC*,
    2020 WL 3546086 (C.D. Cal. June 30, 2020) ......................................................................... 12

*Kwikset Corp. v. Super. Court*,
    51 Cal. 4th 310 (2011) ............................................................................................................. 10

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ................................................................................... 12

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. 2021) ..................................................................................... 6

*Mayhall v. Amazon Web Services, Inc.*,
    2022 WL 2718091 (W.D. Wash. May 24, 2022) ....................................................................... 4

*In re Meta Pixel Healthcare Litig.*,
    2022 WL 17869218 (N.D. Cal. Dec. 22, 2022) ......................................................................... 6

*Moore v. Centrelake Medical Grp., Inc.*,
    83 Cal. App. 5th 515 (2022) ............................................................................................... 9, 11

*Panoyan v. Regalo Int'l LLC*,
    2019 WL 8758897 (C.D. Cal. Oct. 25, 2019) ......................................................................... 12

*Rodriguez v. Google LLC*,
    2021 WL 2026726 (N.D. Cal. May 21, 2021) ......................................................................... 10

*Rojas-Lozano v. Google, Inc.*,
    159 F. Supp. 3d 1101 (N.D. Cal. 2016) ................................................................................... 10

*Smith v. Facebook, Inc.*,
    262 F. Supp. 3d 943 (N.D. Cal. 2017) ................................................................................... 4, 5

*Straubmuller v. JetBlue Airways Corp.*,
    2023 WL 5671615 (D. Md. Sep. 1, 2023) ................................................................................. 4

*Switzer v. Wood*,
    35 Cal. App. 5th 116 (2019) .................................................................................................... 11

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - iii

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Warth v. Seldin*,
  422 U.S. 490 (1975)..................................................................................................4

*In re Yahoo Mail Litig.*,
  7 F. Supp. 3d 1016 (N.D. Cal. 2014) ....................................................................6, 8

**Statutes**

18 U.S.C. 1030(g) ...............................................................................................................9

Cal. Penal Code § 496.......................................................................................................11

Cal. Penal Code § 631...................................................................................................2, 6

**Other Authorities**

California Constitution........................................................................................................8

Fed. R. Civ. P. 8 .................................................................................................................3

Fed. R. Civ. P. 10 ...............................................................................................................6

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - iv

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**INTRODUCTION**

In its Motion to Dismiss, Microsoft showed that Plaintiff failed to state a claim on her flawed theory of liability against Microsoft—*i.e.*, that Kaiser allegedly misused "Microsoft SDK" on Kaiser's website to purportedly transmit unspecified information about "Kaiser Members" generally to Microsoft. Plaintiff does not meaningfully respond, instead repeating her conclusory and vague allegations about "Kaiser Members," ignoring Kaiser's easily locatable Privacy Policy, and asserting that because she claims Kaiser collected her PHI, she has therefore stated a claim. But Plaintiff cannot state a viable claim by simply declaring she's done so. Kaiser's Privacy Policy expressly disclosed that third parties may collect certain information from website users, and Plaintiff's invocation of HIPAA and PHI does not allow her to skirt her pleading burden.

The Court should dismiss the Complaint with prejudice because:

***First***, Plaintiff does not allege particularized facts about *her* experience, but rather relies on vague allegations about "Kaiser Members" generally. But as the court held in *Cook v. GameStop*, 2023 WL 5529772 (W.D. Pa. Aug. 28, 2023), a similar wiretap and privacy class action under Pennsylvania law, a plaintiff must plead the specific "private facts" allegedly intercepted that give rise to her injury. *Id.* at *4. Plaintiff does not allege facts plausibly showing Microsoft intercepted any of her private information. She merely claims she used the search function, viewed non-specific records, and made unidentified appointments for unidentified persons on the Kaiser website. Compl. ¶ 7. She does not plead when her activity occurred or whether (and which) Microsoft services Kaiser was using when she visited Kaiser's site. *Cook*, 2023 WL 5529772, at *7. She also fails to plead whether Microsoft actually collected any data about her, much less in a way that could be connected to her, or any concrete harm she allegedly suffered as a result of Microsoft's alleged conduct. *Id.*

***Second***, Plaintiff does not dispute that Kaiser's Privacy Statement disclosed that Kaiser would log her browsing data and provide it to third parties, or that the Privacy Statement appeared on every page of Kaiser's website, including the page where Kaiser website users sign into their

MICROSOFT'S REPLY IN SUPP. OF MTN. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

accounts.  Plaintiff's claims rest on the fact she logged into her Kaiser account.  Compl. ¶ 7.  By logging into and using the Kaiser website, she consented to Kaiser's Privacy Statement and thereby to Kaiser's alleged transmission of her alleged data to Microsoft.  That, too, bars Plaintiff's claims.

***Third***, Plaintiff's claims suffer several other deficiencies.  She attempts to salvage her Section 631 CIPA claim by asking the Court impermissibly to read express language out of the statute.  Her Section 632 CIPA claims and her constitutional and common law privacy claims fail because she did not plead the requisite intent—and she cites no allegations in the Complaint otherwise.  Her CFAA claim fails because she failed to plead that Microsoft accessed her computer or that she suffered any "actual, concrete loss" from Microsoft's alleged conduct.  Her references to Wikipedia's cookies entry in her brief are not well-pleaded facts, much less allegations specific to Plaintiff capable of sustaining her CFAA claim.  *Cf. Cook*, 2023 WL 5529772, at *8 (plaintiff may not speculate about how technology may have worked).  Finally, Plaintiff failed to plead other key elements of her claims, including economic losses as a result of Microsoft's alleged conduct for her UCL, unjust enrichment, conversion, and larceny claims.  Although she asserts the market value of her data was diminished, she does not plausibly allege that Microsoft caused that alleged diminishment or that she intended to sell her data; nor could she, as she claims such data is private and may not be disclosed.

## ARGUMENT

### A.   Plaintiff Has Not Identified Any Well-Pleaded Facts to Sustain Her Claim.

Plaintiff does not offer a "short and plain statement" that she is entitled to relief.  Mot. at 15.[1]  Instead, she pleads only that sometime in the last ten years, she used the Kaiser website to search for unknown information, access unspecified records and videos, and review unidentified information about unspecified doctors, appointments, or conditions. Compl. ¶¶ 7, 105.  From there she concludes that Microsoft received unspecified data from her vague website activities (at unidentified time(s) over the last decade) through unspecified technology and that she "suffered

---

[1]   Page numbers refer to the ECF page number for filed documents.

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

harm." *Id.* Plaintiff's "impermissibly vague" claims do not satisfy Rule 8. *See* Mot. at 15-16 (citing *Martin v. Sephora USA Inc.*, 2023 WL 2717636, at *6 (E.D. Cal. Mar. 30, 2023) (dismissing complaint where conduct allegedly occurred "sometime within the past year")).

Similar pleading failures justified dismissing wiretapping and common law privacy claims in *Cook*. There, the plaintiff allegedly performed general activities on the defendant's website, including "click[ing] on certain products and typ[ing] words into the search bar," and Microsoft's software allegedly collected that information. *Id.* at *1. The plaintiff's allegations "lack[ed] critical necessary details" to support her claim. *Id.* at *7. She did not plead her specific mouse movements, keystrokes, searches, or webpages viewed, even though the "information should be available to [plaintiff]" because she allegedly browsed the website. *Id.* The court held that generalized allegations about the "potential capabilities" of a particular technology did not suffice. In short, the complaint lacked well-pleaded facts specific to the plaintiff's actual activity on the implicated website. *Id.* at *7-8.

Rule 8 requires this minimum level of allegation for every litigant; it is not, as Plaintiff suggests, an enhanced burden. Plaintiff's only authority proves Microsoft's point. Opp. at 12 (citing *Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110 (N.D. Cal. 2020)). In *Brodsky*, the court dismissed the plaintiffs' claims for failure to plead "approximately when the actionable misconduct occurred." 445 F. Supp. 3d at 135. Such allegation was critical when, as here, the allegations are so vague as to raise statute of limitations issues.

To the extent the Court views this as an Article III standing issue, Plaintiff's cited authority similarly misses the mark. Plaintiff's cases simply say the disclosure of private information ***can*** give rise to Article III standing. *See, e.g.*, *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 784 (N.D. Cal. 2019). But Plaintiff has not alleged any facts about her private information in the first place, or that ***her*** private information was ever disclosed, much less by Microsoft. Plaintiff's case *Byars v. Goodyear Tire & Rubber Co.*, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023), is directly on point. The plaintiff there lacked standing because she failed to allege

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

"she disclosed any sensitive information to Defendant, much less identif[ied] any specific personal information she disclosed that implicate[d] a protectable privacy interest." *Id.* at *3; *accord Cook*, 2023 WL 5529772, at *5 (plaintiff lacked standing because she failed to plead that "private facts" about her were disclosed to Microsoft); *Straubmuller v. JetBlue Airways Corp.*, 2023 WL 5671615, at *4 (D. Md. Sep. 1, 2023) (plaintiff lacked standing because she failed to plead disclosure of personal information). So too, here, Plaintiff has not alleged disclosure of any "specific personal information" or "private facts" of **hers**, to **Microsoft**, to confer an actionable injury as a result of any conduct by Microsoft.

Plaintiff's citations to the Complaint (Opp. at 14) do not save her claims because those are generalized allegations, untethered to her experience, which cannot be used to circumvent her individual pleading requirement. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

### B. Plaintiff Consented to Kaiser's Provision of Information to Third Parties.

Plaintiff accepted Kaiser's Privacy Statement when she signed up for and logged into Kaiser's website—she does not dispute that.[2] *See* Ex. D to Microsoft's Motion. And the Kaiser Privacy Statement disclosed that Kaiser would collect and share data regarding Kaiser website users with third-party technology providers. Ex. C to Microsoft's Motion, § 13. Plaintiff's consent defeats each of her claims. *See Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1063 (N.D. Cal. 2021) (CIPA and CFAA claims); *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 955-56 (N.D. Cal. 2017) (common law tort and California Constitutional privacy claims).

Plaintiff nevertheless argues that Kaiser's Privacy Statement was somehow invalid because it did not specifically name Microsoft as a third-party partner who may receive information, but Plaintiff cites no authority for such a requirement. Opp. at 18 (citing *Smith*, 262 F. Supp. 3d at 954). The Facebook privacy policy described in *Smith* was more generalized than Kaiser's: "We

---

[2] Contrary to Plaintiff's contention, courts take judicial notice of privacy policies like Kaiser's Privacy Statement. *E.g.*, *Mayhall v. Amazon Web Services, Inc.*, 2022 WL 2718091, at *4 (W.D. Wash. May 24, 2022).

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

[Facebook] collect information when you visit or use third-party websites and apps that use our Services (like when they offer our Like button)." *Id.* The court held that even though it broadly included "any data transmitted when the visitor's browser connects to Facebook's servers, including cookies, referer headers, and all the parts that combine to form a browser fingerprint," the policy provided sufficient notice to users. *Id.* (collecting cases). Kaiser's Privacy Statement is even more specific, sufficiently identifying its disclosure practices, barring Plaintiff's claims.[3]

C. **Plaintiff's CIPA Claims Should Be Dismissed.**

1. **Both Plaintiff's CIPA Claims Fail Because She Has Not Sufficiently Alleged that Microsoft Could Identify Her.**

Plaintiff claims the URLs generally described in her Complaint are "communications" because they disclose a user's personal information. Opp. at 16-17. But that is not the standard, and Plaintiff's threadbare allegations are insufficient. Mot at 19; *see also Cook*, 2023 WL 5529772, at *8-9 (finding unspecified mouse movements, keystrokes, and URLs are not sufficiently detailed to state a wiretapping claim).[4] Plaintiff concludes that the unspecified information Microsoft allegedly received (through unspecified technology) could be tied to her using "unique user identifiers." Compl. ¶ 30. There are no plausible allegations that Microsoft assigned her a unique user identifier, what that identifier was, or that Microsoft used that identifier to collect her personal information or to tie any website activity to her.

---

[3] *Brown v. Google*, 525 F. Supp. 3d 1049 (N.D. Cal. 2021), is inapposite. There, the court held Google's broad consent regime did not sufficiently describe a specific service that Google marketed as providing heightened privacy protections (incognito mode). *Id.* at 1064. Here, Kaiser's Privacy Statement specifically related to the challenged conduct; namely, transmitting user activity on Kaiser's website.

[4] In particular, the court in *Cook* held that whether a URL involves contents of communications "depends 'on how much information would be revealed by disclosure of the URL,'" but because the plaintiff failed to plead the details of those URLs, the court "simply [had] no way of knowing that information." 2023 WL 5529772, at *9. Without the specific searches plaintiff conducted, the court could "only reasonably infer" that the URLs included non-content information. *Id.*

MICROSOFT'S REPLY IN SUPP. OF MOT. TO DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

Plaintiff fails to plead any specific information about her personal experience, what information Microsoft allegedly collected, or whether and how it was purportedly linked to her. Despite bringing her case as a "Doe" plaintiff, Plaintiff has not provided any facts about any sensitive or personal identifying information that she actually communicated about herself, which is fatal to her claims. *Cf. Doe v. Goldman*, 169 F.R.D. 138, 139 (D. Nev. 1996) (noting Rule 10 requires named parties unless "the plaintiff has a substantial privacy interest outweighing the presumption of openness in judicial proceedings").

### 2. Plaintiff's Section 631 Claim Fails Because She Does Not Allege Microsoft Used Telephone or Telegraph Wires.

Plaintiff does not specify under which clause of California Penal Code Section 631 she brings her claims—the first clause, relating to *wiretapping*, or the second, relating to *eavesdropping*. If her claims arise under the first clause of Section 631, they cannot proceed. That clause solely relates to tapping **telephone or telegraph wires**, which Plaintiff has not alleged.

In response, Plaintiff argues the statute is "dated" and encourages the Court to ignore its plain text. Opp. at 19. That dismisses the long line of cases that strictly applied the statute and rejected Plaintiff's contrary reading. *See, e.g.*, *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020); *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021).

In addition, Plaintiff's authority is inapposite. The court in *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016 (N.D. Cal. 2014), allowed the plaintiffs' eavesdropping claim (*i.e.*, the second clause of Section 631) to go forward, but not the wiretapping claim. *Id.* at 1036-37. And, in *In re Meta Pixel Healthcare Litig.*, 2022 WL 17869218 (N.D. Cal. Dec. 22, 2022), the parties never briefed whether the alleged wiretapping involved telephone or telegraph wires. *Id.* at *14. Here, because Plaintiff has not and cannot allege the tapping of any telephone or telegraph wires, any wiretapping claim under Section 631 must be dismissed.

MICROSOFT'S REPLY IN SUPP. OF MOT. TO DISMISS PLAINTIFF'S COMPLAINT (Case No. 2:23-cv-0718-JCC) - 6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

### 3. Plaintiff's Section 632 Claim Is Deficient and Must Also Be Dismissed.

By not citing any responsive allegation in her Complaint, Plaintiff implicitly concedes that she did not plead the intent required to sustain a Section 632 claim. Opp. at 19-20. She does not dispute that she must plead Microsoft intended to capture her sensitive or confidential communications for an impermissible purpose. Mot. at 21. Instead, she simply claims "Defendants" covertly employed code so that she did not know her internet activity was transmitted back to "Defendants." Opp. at 19. That argument is not specific to Microsoft and there is no basis to assert that Microsoft codes Kaiser's website. Moreover, that statement still does not allege that Microsoft intended to capture Plaintiff's information, or that it intended to capture her confidential communications for an impermissible purpose.

Nor does she allege that Microsoft used an "electronic amplifying or recording device" to record her information. Opp. at 22. Instead, the alleged technology at issue is undisputedly software. Mot. at 22. While Plaintiff alleges Microsoft used "receiving servers" to eavesdrop on her communications, that conclusory allegation is not supported by any factual allegation in her Complaint. Compl., ¶ 141. The only "servers" referenced in the Complaint belong to *Qualtrics*. Compl. ¶ 66. Plaintiff does not plead any facts that *Microsoft* used servers to eavesdrop on her communications. This, too, requires dismissal.

### D. Plaintiff's Other Privacy Claims Are Fatally Deficient.

With respect to her constitutional and common law privacy claims, Plaintiff asks the Court to connect dots that her Complaint does not. She claims she had a reasonable expectation of privacy based on her "search terms, visited URLs, prescriptions, medications, immunizations, and allergies" (Opp. at 21), but she does not describe what was so private about those pieces of data or that any of it was sent to Microsoft. She does not identify her searches or the URLs that resulted, and she does not plead that she accessed any information relating to her prescriptions, medications, or allergies. Compl. ¶¶ 7, 105. While she claims she accessed immunization records, she does not plead that any content about those immunizations was transmitted to Microsoft. *Id.* Such pleading

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 7

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

is required to state a privacy claim under the California Constitution or common law. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1040 (mandating plaintiff to allege what specifically was "confidential" or "sensitive" in her email); *see also Doe v. Meta Platforms, Inc.*, No. 3:22-cv-03580, Dkt. 298 (N.D. Cal. Aug. 15, 2023) (plaintiffs' privacy claims lacked allegations regarding the "sensitive health information <u>they</u> provided through their devices to their healthcare providers") (emphasis in original).

Plaintiff's authority merely stands for the proposition that, if properly pleaded, "detailed URL requests, app browsing histories, and search queries" can form the basis of a privacy claim. Opp. at 21. But Plaintiff has not plausibly alleged that Microsoft collected any of her private or sensitive data in the first instance. *Cook*, 2023 WL 5529772, at *7-8.

Plaintiff also ignores that she must plead facts demonstrating that Microsoft obtained her data with the ***intent of committing theft***. *See* Mot. at 24-25 (citing *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012)). She instead cites case law for the notion that courts need not determine whether an intrusion was "highly offensive" at the pleading stage. Opp. at 22. But Plaintiff must still plead facts to show that Microsoft intended to steal her information. She has not and cannot. The Court should dismiss these claims with prejudice.

### E. <u>Plaintiff's CFAA Claim Fails Because Plaintiff Has Not Pleaded a Covered Intrusion and Cognizable Loss.</u>

In response to Microsoft's argument that it did not access her computer, Plaintiff claims that merely using a cookie satisfies that requirement under the CFAA. Opp. at 23. Plaintiff's Complaint never alleges that any Microsoft cookie was placed on her computer. Instead, she alleges that Microsoft's unspecified software "collects a user's internet data through several unique user identifiers and cookies." Compl. ¶ 33. Effectively conceding the point, Plaintiff cites Wikipedia to support her claim that cookies generally are placed on a user's computer. Opp. at 23 n.7. Wikipedia references in briefing do not excuse pleading deficiencies or substitute for well-pleaded facts.

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 8

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Further, Plaintiff has not pleaded a cognizable loss under CFAA. *See* 18 U.S.C. 1030(g). She cites allegations regarding the "damage" to "data, a program, a system, or information" (Opp. at 24), but most of those citations pertain to Qualtrics' conduct—not Microsoft's. Compl. ¶¶ 66-87. Even then, the damage to which she refers relates to users generally; she does not plead that she specifically suffered those harms. The remainder of Plaintiff's citations relate to the alleged diminished value of her data, but that legally cannot form the basis of her CFAA claim. *See, e.g.*, *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1262 (9th Cir. 2019) (limiting the "loss" definition to "harms caused by computer intrusions, not general injuries unrelated to the hacking itself"); *Cottle v. Plaid, Inc.*, 536 F. Supp. 3d 461, 485-86 (N.D. Cal. 2021) (noting *Andrews* forecloses the diminution of value theory for CFAA claims).

Plaintiff's reliance on the money she spent allegedly "retaining a technical expert to investigate" her claims fares no better because that purported fact appears nowhere in her Complaint. Opp. at 24. Plaintiff cannot amend her Complaint by way of briefing.

### F. Plaintiff's Unjust Enrichment Claim Must Be Dismissed.

Plaintiff's Opposition confirms she did not allege a cognizable loss to support her unjust enrichment claim. *See* Mot. at 27-28; Opp. at 25. Plaintiff's contention that she was harmed because of the diminished value of her private data (Opp. at 25 n.8) does not suffice. Courts have rejected the diminished value theory of harm where the plaintiff has not plausibly alleged both (1) a market for the private data; and (2) that the plaintiff intended to participate in that market. *See, e.g.*, *Moore v. Centrelake Medical Grp., Inc.*, 83 Cal. App. 5th 515, 538 (2022) (rejecting a "lost-value-of-PII theory" because plaintiffs "did not allege they ever attempted or intended to participate in this market" for such data). While Plaintiff asserts there are exchanges where she *could* sell her private data (Compl., ¶ 94), she never alleges she planned to do so. Moreover, it is implausible that she would ever sell that data, as she describes its purported disclosure as "highly offensive." Opp. at 22.

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 9

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1   Separately, Plaintiff's unjust enrichment claim does not identify an actionable misrepresentation or omission by Microsoft. Mot. at 28 (citing *Hammerling v. Google LLC*, 2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) ("*Hammerling II*")). Plaintiff dismisses *Hammerling II* as inapplicable because her claims do not sound in fraud. Opp. at 26. That does not matter. The *Hammerling* plaintiffs brought privacy claims alleging Google used their smartphones to collect their data. *Id.* at *1. The court twice rejected plaintiffs' unjust enrichment claim because plaintiffs "failed to allege an actionable misrepresentation or omission." *Id.* at *12; *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1096-97 (N.D. Cal. 2022) ("*Hammerling I*"); *see also Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. 2016) (collecting cases). Plaintiff argues that her allegation that Microsoft "covertly and unlawfully" collected her personal data suffices, but it does not. That conclusory statement does not identify a misrepresentation or an omission. And indeed, Microsoft could not have made any misrepresentations or omissions to Plaintiff about her alleged data because she was a total stranger to Microsoft. Plaintiff's unjust enrichment claim cannot stand.

### G.   Plaintiff's UCL Claim Fails.

Plaintiff significantly misstates the law on statutory standing under the UCL. Opp. at 26. ***First***, UCL standing is narrower and more demanding than Article III standing. *See Kwikset Corp. v. Super. Court*, 51 Cal. 4th 310, 324 (2011); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *8 (N.D. Cal. May 21, 2021) (noting UCL standing is "[o]ver and above the demands of Article III"). For UCL standing, Plaintiff must plead that she lost money or property as a result of Microsoft's alleged conduct. *Campbell v. Facebook, Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014).

***Second***, Plaintiff's theory that "the value of her data ... was diminished due to Defendants' conduct" (Opp. at 27) does not confer UCL standing. *See Katz-Lacabe v. Oracle America, Inc.*, 2023 WL 2838118, at *8 (N.D. Cal. Apr. 6, 2023) (noting "the mere misappropriation of personal information does not establish compensable damages") (internal quotations omitted). It is not enough that Plaintiff alleges a market for private data; she must also allege that she intended to

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 10

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

participate in that market. *See Moore*, 83 Cal. App. 5th at 538; *Ji v. Naver Corp.*, 2022 WL 4624898, at *9 (N.D. Cal. Sept. 30, 2022) ("[T]o proceed on an economic injury theory, data privacy plaintiffs must allege the existence of a market for their data and ***the impairment of the ability to participate in that market***.") (emphasis added).  "The relevant inquiry is ... whether Plaintiff [herself] can profit from [her] own data." *Greenley v. Kochava, Inc.*, 2023 WL 4833466, at *18 (S.D. Cal. July 27, 2023).  Plaintiff fails to meet that pleading standard; she merely asserts that her data allegedly has value.[5]

***Third***, as described in Microsoft's Motion, because Plaintiff's other causes of action fail, Plaintiff's UCL claim also fails.  Mot. at 29.[6]

### H. Plaintiff's Larceny and Conversion Claims Must Be Dismissed.

While Microsoft maintains that Plaintiff's data does not constitute "property" for purpose of the alleged larceny and conversion claims and therefore those claims do not apply to her data, Mot. at 30-31, those claims fail for separate reasons as well.  As to statutory larceny, Microsoft did not obtain any data "in a manner constituting theft." Cal. Penal Code § 496; *Switzer v. Wood*, 35 Cal. App. 5th 116, 126 (2019).  Any information sent to Microsoft was sent willingly by Kaiser, a party to the communication.

In response, Plaintiff contends that ***Kaiser*** misrepresented that it would protect Plaintiff's information.  Opp. at 30.  But even if that sufficed to state a claim against Microsoft (and it does not), Plaintiff's Complaint lacks any such allegation.  Plaintiff's sole authority, *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 Fed. App'x 238 (2021), says only that a plaintiff may use misrepresentation to prove a larceny claim, but no such misrepresentation allegation exists here.

---

[5]  *In re Facebook Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) (Opp. at 27), does not apply, as the plaintiffs there did not bring any UCL claims and the issue was never before the court.

[6]  Plaintiff's effort to maintain the claims of non-California residents fails because, as to the UCL claims, she relies on "logical inferences" rather than pleading specific facts that any conduct occurred in California to support the application of California law.  Opp. 29.  Moreover, Plaintiff cites no authority permitting her CIPA, larceny, or conversion claims for non-California residents.

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 11

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1 Further, there can be no misrepresentation, given that Kaiser said it may disclose website activity to third parties. Mot. at 13.

With respect to conversion, Plaintiff failed to allege the value of the personal data she asserts Microsoft converted, *see Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1030 (N.D. Cal. 2012), and makes no response on this issue in her Opposition, therefore conceding the point. *See Kroeger v. Vertex Aerospace LLC*, 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (holding plaintiff conceded argument by failing to address it in his opposition).

### I.   **Plaintiff Cannot Assert Punitive Damages.**

Plaintiff does not dispute the merits of Microsoft's request to dismiss her punitive damages, but instead states, without analysis, that such an argument "is not the proper subject of a motion to dismiss." Opp. at 24. Numerous courts disagree. *Panoyan v. Regalo Int'l LLC*, 2019 WL 8758897, at *3-4 (C.D. Cal. Oct. 25, 2019) (finding that a motion to dismiss, and not a motion to strike, is the proper vehicle to remove punitive damages from a complaint); *Agape Family Worship Center, Inc. v. Gridiron*, 2016 WL 633864, at *6 (C.D. Cal. Feb. 16, 2016) (same). This Court should follow suit, as Plaintiffs' punitive damages claim is untenable as a matter of law.

### CONCLUSION

For these reasons and the reasons in Microsoft's Motion, the Court should dismiss the Complaint with prejudice.

Dated: September 11, 2023

Respectfully submitted,

By:  /s/ *Patricia A. Eakes*
Patricia A. Eakes, WSBA #18888
**MORGAN, LEWIS & BOCKIUS LLP**
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone:   (206) 407-2200
Fax:       (206) 407-2278
Email:    patty.eakes@morganlewis.com

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 12

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Kathryn Deal, admitted *pro hac vice*
**MORGAN LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Email: kathryn.deal@morganlewis.com

Phillip J. Wiese, admitted *pro hac vice*
**MORGAN LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Phone: (415) 442-1000
Email: phillip.wiese@morganlewis.com

*Attorneys for Microsoft Corporation*

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 13

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**CERTIFICATION**

I certify that this memorandum contains 4,167 words, in compliance with the Local Civil Rules.

/s/ Patricia A. Eakes
Patricia A. Eakes

MICROSOFT'S REPLY IN SUPP. OF MOT. TO
DISMISS PLAINTIFF'S COMPLAINT
(Case No. 2:23-cv-0718-JCC) - 14

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401