THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>MICROSOFT CORPORATION, a Washington Corporation; QUALTRICS INTERNATIONAL INC., a Delaware Corporation; and QUALTRICS LLC, a Delaware Limited Liability Company,<br><br>　　　　　Defendants. | CASE NO.: 2:23-cv-0718-JCC<br><br>**DEFENDANTS QUALTRICS INTERNATIONAL INC. AND QUALTRICS, LLC'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE**<br><br>NOTE ON MOTION CALENDAR:<br>September 11, 2023 |

Qualtrics' Reply ISO RJN and Notice of Incorporation by Reference
2:23-cv-0718-JCC

Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT .........................................................................................................................1

    I.     The Court Should Take Judicial Notice Of All Exhibits ..........................................1

          A.     Exhibits 1 Through 4 are Properly Noticeable, Publicly Available Webpages ................................................................................................2

          B.     Plaintiff Does Not Reasonably Dispute that the Qualtrics Webpages (Exhibits 1 and 2) Cover the Services Alleged in the Complaint ...............................................................................................3

          C.     The Kaiser Webpages (Exhibits 3 and 4) are Dated ....................................4

    II.    The Court Should Deem Exhibits 3 and 4 Incorporated By Reference Into the Complaint .........................................................................................................4

CONCLUSION ......................................................................................................................6

QUALTRICS' REPLY ISO RJN AND NOTICE OF INCORPORATION BY REFERENCE
2:23-cv-0718-JCC

- i -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Al-Ahmed v. Twitter, Inc.*,
    603 F. Supp. 3d 857 (N.D. Cal. 2022),
    *appeal dismissed*, 2022 WL 4352712 (9th Cir. July 7, 2022) ............................................. 2

*Brown v. Google LLC*,
    525 F. Supp. 3d 1049 (N.D. Cal. 2021) ........................................................................... 2

*Calhoun v. Google LLC*,
    526 F. Supp. 3d 605 (N.D. Cal. 2021) ............................................................................. 2

*Datel Holdings Ltd. v. Microsoft Corp.*,
    712 F. Supp. 2d 974 (N.D. Cal. 2010) ............................................................................. 2

*Fisher v. SecChitano*,
    2019 WL 2488720 (D. Or. Apr. 4, 2019),
    *R. & R. adopted in part*, 2019 WL 2994206 (D. Or. July 9, 2019) ..................................... 3

*Golub v. Gigamon, Inc.*,
    2019 WL 4168948 (N.D. Cal. Sept. 3, 2019),
    *aff'd*, 994 F.3d 1102 (9th Cir. 2021) ........................................................................... 3, 4

*Haroutoonian v. NewRez LLC*,
    2022 WL 19237948 (C.D. Cal. Oct. 26, 2022) .................................................................. 3

*In re Silicon Graphics, Inc. Sec. Litig.*,
    183 F.3d 970 (9th Cir. 1999) .......................................................................................... 5

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ....................................................................................... 1, 5

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ........................................................................................ 5

*Kochlani v. Gen. Motors LLC*,
    2021 WL 8531593 (C.D. Cal. Sept. 13, 2021) .................................................................. 2

*Mayhall v. Amazon Web Servs., Inc.*,
    2022 WL 2718091 (W.D. Wash. May 24, 2022),
    *R. & R. adopted*, 2023 WL 2728292 (W.D. Wash. Mar. 31, 2023) ..................................... 2

*Opperman v. Path, Inc.*,
    205 F. Supp. 3d 1064 (N.D. Cal. 2016) ........................................................................... 2

*Perkins v. LinkedIn Corp.*,
    53 F. Supp. 3d 1190 (N.D. Cal. 2014) ............................................................................. 2

QUALTRICS' REPLY ISO RJN AND NOTICE OF
INCORPORATION BY REFERENCE
2:23-cv-0718-JCC

- ii -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

*Pinkert v. Schwab Charitable Fund*,
    48 F. 4th 1051 (9th Cir. 2022) ..................................................................................2

*Reed v. Gen. Mills, Inc.*,
    2019 WL 2475706 (W.D. Wash. June 13, 2019)......................................................3

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ................................................................................5, 6

**RULES**

Fed. R. Evid. 201(b)............................................................................................................1

Fed. R. Evid. 201(c)(2) .......................................................................................................1

QUALTRICS' REPLY ISO RJN AND NOTICE OF INCORPORATION BY REFERENCE
2:23-cv-0718-JCC

- iii -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

Defendants Qualtrics International Inc. and Qualtrics, LLC (together, "Qualtrics") respectfully submit this Reply in Support of their Request for Judicial Notice and Notice of Incorporation by Reference, Dkt. 38 ("Request" or "Req."), filed in connection with Qualtrics' Motion to Dismiss, Dkt. 37 ("Motion").

## INTRODUCTION

Judicial notice and incorporation by reference are permitted to give the Court proper context and to prevent Plaintiff from cherry-picking favorable information at the expense of available contradictory information. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). In support of its Motion and seeking to provide the Court with important context surrounding Plaintiff's 48-page Complaint, Qualtrics asks the Court to consider four Exhibits with its Motion, all of which are publicly available on the internet:

- Exhibit 1, a Qualtrics webpage titled *How to collect website feedback*;
- Exhibit 2, a Qualtrics webpage titled *Step 4: Setting Up Your Intercept*;
- Exhibit 3, the Kaiser Permanente ("Kaiser") Website user *Sign in* page; and
- Exhibit 4, a Kaiser webpage titled *Website and mobile application Privacy Statement*.

Req. at 3.

Plaintiff's Opposition to the Request, Dkt. 52 ("Opposition" or "Opp."), does not reasonably dispute the authenticity or accuracy of the Exhibits, beyond conclusory and unsupported assertions that they are unreliable. Because Plaintiff provides no credible basis for denying the Request, the Court should grant Qualtrics' Request and consider Exhibits 1 through 4 with the Motion.

## ARGUMENT

### I.   The Court Should Take Judicial Notice Of All Exhibits

As explained in Qualtrics' Request, judicial notice is required when a party requests it and the sources are not subject to "reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), (c)(2); Req. at 1. Plaintiff opposes judicial notice by arguing: (1) not every webpage is judicially

QUALTRICS' REPLY ISO RJN AND NOTICE OF INCORPORATION BY REFERENCE
2:23-cv-0718-JCC

- 1 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

noticeable, (2) the Qualtrics webpages (Exhibits 1 and 2) may not be discussing the services Kaiser uses on its Website, and (3) the Kaiser webpages (Exhibits 3 and 4) are undated. Opp. at 2-4. Plaintiff's Opposition raises no reasonable disputes as to these Exhibits.

### A. Exhibits 1 Through 4 are Properly Noticeable, Publicly Available Webpages

Well-established authority in this Circuit provides that publicly available websites are subject to judicial notice. *See, e.g.*, *Pinkert v. Schwab Charitable Fund*, 48 F. 4th 1051, 1055 n.2 (9th Cir. 2022) ("district court took judicial notice of the Policies posted to [defendant's] website"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (holding privacy policy and terms of service "appear on publicly available websites and are thus proper subjects for judicial notice"); *Mayhall v. Amazon Web Servs., Inc.*, 2022 WL 2718091, at *4 (W.D. Wash. May 24, 2022) (customer agreement and FAQs appearing on "publicly available websites"), *R. & R. adopted*, 2023 WL 2728292 (W.D. Wash. Mar. 31, 2023); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) ("Proper subjects of judicial notice when ruling on a motion to dismiss include . . . public[ly] accessible websites[.]").

This includes documents from a defendant's website. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) ("Exhibits E and H are printouts from Defendant's own website, which are judicially noticeable."); *see also Kochlani v. Gen. Motors LLC*, 2021 WL 8531593, at *2 (C.D. Cal. Sept. 13, 2021) (noticing warranty information on defendant's website and holding the "contents can be determined without reasonable dispute because it is publicly available on Defendant's own website"). It also includes terms of service or privacy policies. *See Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 869 (N.D. Cal. 2022), *appeal dismissed*, 2022 WL 4352712 (9th Cir. July 7, 2022) (Twitter's terms of service); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (Google's privacy policies); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068-69 n.3 (N.D. Cal. 2016) (Yelp's privacy policies); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010) (Xbox's software license and terms of service).

QUALTRICS' REPLY ISO RJN AND NOTICE OF INCORPORATION BY REFERENCE
2:23-cv-0718-JCC

- 2 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Exhibits 1-4 are each properly noticeable, publicly available webpages. Plaintiff argues "not every webpage is properly the subject of judicial notice," and cites this Court's decision in *Reed v. Gen. Mills, Inc*. in support. Opp. at 3-4. But *Reed* does not establish that webpages are never judicially noticeable. In fact, this Court took judicial notice of three exhibits downloaded from public webpages. 2019 WL 2475706, at *3 (W.D. Wash. June 13, 2019). The documents not noticed in *Reed* were food ingredient labels. *Reed* found these labels insufficiently authenticated because there was a genuine factual dispute "surrounding what disclosures appeared on the labels at the time of Plaintiffs' purchases." *Id*. at *2. As explained below, Plaintiff does not reasonably dispute these Exhibits.

### B. Plaintiff Does Not Reasonably Dispute that the Qualtrics Webpages (Exhibits 1 and 2) Cover the Services Alleged in the Complaint

Plaintiff's Complaint alleges that "Qualtrics offers a cloud-based subscription software platform for 'experience management' for other organizations." Compl. ¶ 9. She also pleads that Kaiser uses "Qualtrics' Experience Management Site Intercept Software." Compl. ¶ 60. Qualtrics seeks to include Exhibits 1 and 2 as helpful context to describe the "site intercept" feature and what it does. Motion at 2. Plaintiff argues that "the relevance and meaning of a webpage is disputed" because "there is no indication that the 'website feedback' and 'Intercept' features described in [Exhibits 1 and 2] have anything to do with the technology and services employed by the Qualtrics Defendants on the Kaiser Website, let alone that the content is an accurate description of any such technology or services." Opp. at 3.

To raise a "reasonable" dispute, Plaintiff must explain *why* the exhibit is not judicially noticeable. *Haroutoonian v. NewRez LLC*, 2022 WL 19237948, at *2 (C.D. Cal. Oct. 26, 2022) (taking judicial notice despite plaintiff's claim the document was "disputed" because plaintiff provided "no explanation . . . for her contention."); *Fisher v. SecChitano*, 2019 WL 2488720, at *3 (D. Or. Apr. 4, 2019) (recommending granting judicial notice where plaintiff disputed the documents' authenticity but "offer[ed] no explanation as to why these documents might be inaccurate."), *R. & R. adopted in part*, 2019 WL 2994206 (D. Or. July 9, 2019); *cf. Golub v.*

QUALTRICS' REPLY ISO RJN AND NOTICE OF INCORPORATION BY REFERENCE
2:23-cv-0718-JCC

- 3 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

*Gigamon, Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019) (explaining "a party may not avoid dismissal by raising an *unreasonable* factual dispute" in opposing a request for judicial notice (emphasis added)), *aff'd*, 994 F.3d 1102 (9th Cir. 2021). A conclusory statement that the "Site Intercept" that Plaintiff cites in the Complaint may not be the same "Site Intercept" in Exhibits 1 and 2 does not raise a reasonable dispute as to the accuracy or authenticity of these Exhibits. Plaintiff never explains what else these webpages could possibly be talking about, nor does she point out any inaccuracies with the information in Exhibits 1 and 2. Opp. at 3.

### C. The Kaiser Webpages (Exhibits 3 and 4) are Dated

Plaintiff claims the Kaiser webpages (Exhibits 3 and 4) are "undated." Opp. at 1, 3, 4. This is incorrect, as both the Request and the accompanying Declaration include the last visited date (July 10, 2023). Req. at 4; Decl. of S. Mancall-Bitel, Dkt. 39, at 1. With respect to Kaiser's Privacy Statement (Exhibit 4), Plaintiff claims there is "no indication" that it applied "before July 10, 2023, let alone during the ten-year period relevant to Plaintiffs' claims." Opp. at 3. But this is also incorrect, as the Privacy Statement expressly states: "Last revised: October 2021," meaning it has been in effect and unchanged since that time and applies to Plaintiff's claims. *See* Exhibit 4, Dkt. 39-1, at 37. For Kaiser's sign on page (Exhibit 3), beyond incorrectly claiming the page was "undated," Plaintiff never contests its authenticity or reliability, nor does she allege that the page is substantively different now than it was in prior years.[1]

## II. The Court Should Deem Exhibits 3 and 4 Incorporated By Reference Into the Complaint

In addition to warranting judicial notice, Exhibits 3 and 4 independently may be considered with the Motion because they are incorporated by reference in the Complaint. Req. at 3-4 (citing authority). The "incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1003. Thus, the Court is entitled at the motion to dismiss stage to

---

[1] As explained in the Motion, Plaintiff failed to plead *when* she used the Kaiser Website, other than to say she has been a Kaiser member "for at least 10 years" and "has used the Kaiser Website throughout her membership." Motion at 4, 10-11. This has rendered Qualtrics unable to put forward these documents at a particular point in history.

QUALTRICS' REPLY ISO RJN AND NOTICE OF INCORPORATION BY REFERENCE
2:23-cv-0718-JCC
- 4 -
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

look beyond a plaintiff's characterizations and consider the full contents of documents alleged in the complaint. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). A plaintiff cannot survive a motion to dismiss by "deliberately omitting … documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted); *see also Khoja*, 899 F.3d at 1002 ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

For example, in *Knievel*, the plaintiffs attached a photograph and caption from defendant's webpage but omitted surrounding webpages that gave context to the photograph. 393 F.3d at 1076. Although plaintiffs never "allege[d] or describe[d] the contents of the surrounding pages in their complaint," the Ninth Circuit incorporated the surrounding pages because the court must "take into account 'all parts of the communication that are ordinarily heard or read with it,'" and "a viewer accessing the *Knievel* photograph must also access the surrounding pages." *Id.* (citation omitted).

In Opposition, Plaintiff argues the Complaint "makes **no** mention at all of either document," and therefore cannot be incorporated by reference. Opp. at 6. Here, each of Plaintiff's nine claims is based on the allegation that, while Plaintiff was logged into her Kaiser Website account, Qualtrics had access to her data *without her consent*. Plaintiff attempts to demonstrate this by relying on certain portions of the Website that support her claims, while deliberately omitting other portions that doom her claims. She discusses numerous pages she accessed "[w]hile logged into [her] account," including the search function, immunization information, medical records, appointment scheduler, physician information, medical conditions, and videos. Compl. ¶ 105; *see also id.* ¶¶ 3, 5, 7, 67-69, 71-72, 74, 76, 79, 82, 85, 128, 132, 144, 168, 209. All in all, Plaintiff references the "Kaiser Website" over 100 times in her Complaint. But she deliberately omits a critical prerequisite to accessing her account and these pages: every time she logs into her account, she is required to agree to Kaiser's Privacy Statement and Terms of Service. Exhibit 3, Dkt. 39-1, at 25. And the Privacy Statement expressly informed users that Kaiser may "disclose

QUALTRICS' REPLY ISO RJN AND NOTICE OF INCORPORATION BY REFERENCE
2:23-cv-0718-JCC

- 5 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

your personal information to third parties who provide services on our behalf to help with our business activities"—exactly what Plaintiff alleges Qualtrics does. Exhibit 4, Dkt. 39-1, at 34.

Such unfair tactics by Plaintiff are exactly what the rule stated in *Swartz* was designed to prevent: "A plaintiff cannot survive a motion to dismiss by "deliberately omitting … documents upon which their claims are based." 476 F.3d at 763. Thus, Exhibits 3 and 4 should be incorporated by reference because, rather than merely creating "a possible defense to Plaintiff's claims," Opp. at 6, they form the basis of her claims and Plaintiff cannot survive a motion to dismiss by deliberately omitting them.

## CONCLUSION

Qualtrics respectfully requests that the Court deem Exhibits 1-4 judicially noticeable, consider Exhibits 3 and 4 incorporated by reference in the Complaint, and consider these Exhibits in connection with Qualtrics' Motion.

Dated: September 11, 2023

I certify that this memorandum contains 1,980 words, in compliance with the Local Civil Rules.

Respectfully submitted,

/s/ Gregory L. Watts
Gregory L. Watts, WSBA #43995
Tyre L. Tindall, WSBA #56357
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Email: gwatts@wsgr.com
Email: ttindall@wsgr.com

Anthony J Weibell, *admitted pro hac vice*
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Email: aweibell@wsgr.com

QUALTRICS' REPLY ISO RJN AND NOTICE OF INCORPORATION BY REFERENCE
2:23-cv-0718-JCC

- 6 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

1
2
3
4
5

Sophia M. Mancall-Bitel, *admitted pro hac vice*
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Email: smancallbitel@wsgr.com

*Attorneys for Defendants Qualtrics International Inc. and Qualtrics, LLC*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

QUALTRICS' REPLY ISO RJN AND NOTICE OF INCORPORATION BY REFERENCE
2:23-cv-0718-JCC

- 7 -

WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500