THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Washington Corporation; QUALTRICS INTERNATIONAL INC., a Delaware Corporation; and QUALTRICS LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 2:23-cv-00718-JCC<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR:<br>May 9, 2024 |

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file

confidential information under seal. The availability of protection pursuant to this Stipulated Protective Order does not preclude a party from withholding information protected by any applicable privilege.

Under LCR 26(c)(2), the parties began with the District's Model Protective Order, and have identified departures from the model in a redlined copy, attached as Exhibit 1.

**2.     DEFINITIONS**

2.1     <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-house Counsel (as well as their support staff).

2.3     <u>Designating Party</u>: A Party, Non-Party, person, or entity designating documents or information as Protected Material under this Order.

2.4     <u>Discovery Material</u>: All items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery, including subpoenas, in this matter.

2.5     <u>Expert</u>: A person with specialized knowledge, skill, experience, training, or education in a matter pertinent to the litigation (1) who has been retained by a Party or its counsel to serve as an expert witness or as a non-disclosed consultant in this action; (2) to whom disclosure of Discovery Material is reasonably necessary for this litigation; and (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

2.6     <u>In-House Counsel</u>: Attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7     <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8   Outside Counsel of Record: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.9   Party: Any Party to this action, including its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.10   Producing Party: A Party or Non-Party that produces Discovery Material in this action.

2.11   Protected Health Information shall have the same meaning as set forth in 45 C.F.R. § 160.103.

2.12   Protected Material: Any Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.13   Receiving Party: A Party that receives Discovery Material from a Producing Party.

**3.   PROTECTED MATERIAL**

3.1   "CONFIDENTIAL" Material: "Confidential Material" means information designated as "CONFIDENTIAL" by the Producing Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) research, technical, commercial, marketing, product, sales, or financial information that is not publicly available;; (c) court records, whether in this District or other courts, currently maintained under seal; (d) information subject to a non-disclosure or confidentiality agreement; (e) third party commercially sensitive information; or (f) any information that the Producing Party reasonably believes to be subject to federal, state or foreign data protection laws or other privacy obligations. Information or documents that are available to the public may not be designated as Confidential Material.

3.2   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material: Extremely sensitive materials that qualify as "CONFIDENTIAL" the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm or significant competitive or commercial disadvantage to the Designating Party that could not be avoided by less

restrictive means, as well as the following categories of information: (a) Protected Health Information concerning any individual; (b) personal identity information; (c) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (d) personnel or employment records of a person who is not a party to the case.

3.3     This Order does not envision the production of source code or object code. Should the parties seek source code discovery, they will enter a separate stipulated source code supplement to this Order.

**4.     SCOPE**

Subject to the provisions of Paragraph 11 of this Order, which address the treatment of work product materials containing Protected Material, the protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel, Non-Parties, and/or Experts that might reveal Protected Material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**5.     ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2     Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential Material only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party (if an individual) and/or the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters/stenographers and their staff;

(e) mediator selected by the Parties;

(f) copy, imaging, document management, and electronic discovery services retained by counsel to assist in the management of Confidential Material, provided that counsel for the party retaining such services instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(g) during their depositions, fact witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Fact witnesses shall not retain a copy of documents containing Confidential Material, except fact witnesses may review a copy of all exhibits marked at their depositions in connection with review of the transcripts. A party shall give the Designating Party notice if it reasonably expects a deposition to include Protected Material so the Designating Party can ensure the witness has an opportunity to review and sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to the scheduled date of the deposition; the Designating Party shall advise the other party in advance of the deposition if the witness declines to sign the Acknowledgment and Agreement to Be Bound, so the parties can seek the court's direction as to whether the witness can be shown the

Protected Material without first agreeing to be bound to this Order.[1] Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Material pursuant to the process set out in this Order must be separately bound and may not be disclosed to anyone except as permitted under this Order;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Highly Confidential – Attorney's Eyes Only Material only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound," including the Paragraph applicable to disclosure of Highly Confidential material (Exhibit A), provided that material Microsoft or Qualtrics designates as Highly Confidential may not be disclosed to any Expert who (a) is or has been an employee or contractor of Microsoft or Qualtrics or a competitor of Microsoft or Qualtrics (defined for purposes of this Paragraph as a company engaged in development, production, sales, or marketing of, in Microsoft's case, advertising software, products, technology, or services, or, in Qualtrics' case, experience management software, products, technology, or services) within the last two years; (b) is anticipated (defined for purposes of this Paragraph as either 1) having finalized plans for future work with a competitor; 2) signed letters of intent for future work with a competitor; or 3) begun negotiations for future work with a competitor) to be employed by such a competitor within two years of retention as an

---

[1] This provision does not require a Designating Party disclose specific documents that it intends to use in advance of the deposition.

Expert; and (c) has, or is anticipated (as previously defined for purposes of this Paragraph) to have, a consulting, expert, or other compensated relationship with a Microsoft or Qualtrics competitor within two years of retention as an Expert;

        (c)    the court and its personnel;

        (d)    court reporters/stenographers and their staff; professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (e)    a mediator selected by the Parties;

        (f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

        (g)    employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A.

    5.4    <u>Elective Procedures for Approving or Objecting to Disclosure to Expert of Materials Designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."</u>

        (a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose any material designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to an Expert who is unable to review the material due to a disqualifying relationship under Paragraph 5.3(b) of this Order may elect to make a written disclosure to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during

the preceding four years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding two years.

(b)   A Party that elects to make a written disclosure and provides the information specified in the preceding respective paragraphs may disclose the subject "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material to the identified Expert unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)   A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within three days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Civil Rule 7 seeking permission from the court to do so, or may use the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

5.5   Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will

1 remove the designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific protected information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the designation must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Any motion to seal filed by the Receiving Party, where a Designating Party must make the showing required by Local Civil Rule 5(g)(3)(B) in response to the motion, must be noted for consideration no earlier than the fourth Friday after filing. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the court's files.

  5.6 Limitations on Use and Disclosure of <u>Protected Health Information</u>. Pursuant to 45 C.F.R. § 164.512(e)(1), any Covered Entities and their Business Associates (as defined in 45 C.F.R. § 160.103), or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to and appropriately discoverable in the litigation to those persons and for such purposes as designated herein. Further, all Parties that are entities subject to state privacy law requirements, or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to this litigation to those persons and for such purposes as designated herein. The court has determined that disclosure of such Protected Health Information is necessary for the conduct of proceedings before it. The court authorizes the Parties to produce such Protected Health Information subject to the terms of this Order. See 45 CFR § 164.512(e)(1)(i). The disclosure and use of Protected Health Information shall comply with HIPAA and associated regulations, including the HIPAA regulations at 45 C.F.R. Parts 160 and 164, including, specifically, 45 C.F.R. § 164.512(e)(1). Pursuant to 45 C.F.R. § 164.512(e)(1)(v), the Parties are: (a) prohibited from using or disclosing Protected Health

Information for any purpose other than the litigation or proceeding for which such information was requested; and (b) required to return to the covered entity or to destroy the protected health information (including all copies made) at the end of the litigation or proceeding.[2]

## 6. DESIGNATING PROTECTED MATERIAL

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 6.2 (a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

---

[2] By including Paragraph 5.6, Defendants do not admit that they are a business associate or that Protected Health Information will be or is at issue in this proceeding.

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER - 10
(Case No. 2:23-cv-00718-JCC)

the Designating Party must affix the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). With respect to documents containing Protected Material produced in native format, the Designating Party shall include the appropriate designation at the end of the filename for each document.

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: The Parties and any participating Non-Parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within 21 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Until the expiration of the 21-day period for designation, any deposition transcript shall be treated as if it had been designated "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" in its entirety, unless otherwise agreed.

If a Party or Non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL " or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY." If only a

portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. If, prior to the Producing Party notifying the Receiving Party in writing of an inadvertent failure to designate qualified information, the Receiving Party has already used such qualified information, the Receiving Party will not have violated this Order.

**7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under

Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable), or may use the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY," that party must:

(a) promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order from the court from which the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or is otherwise ordered by the issuing court. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be

[PROPOSED] STIPULATED
PROTECTIVE ORDER - 13
(Case No. 2:23-cv-00718-JCC)

construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. This Order invokes the protections afforded by Fed. R. Evid. 502(b). As provided under Fed. R. Evid. 502(b), the disclosure of privileged material in connection with this litigation does not operate as a waiver by the Producing Party of any recognized legal privilege applicable to those documents, including the attorney-client privilege or work-product doctrine, as long as the conditions of Fed. R. Evid. 502(b) are satisfied.

**11.    NON-TERMINATION AND DESTRUCTION OF DOCUMENTS**

Subject to the provisions below, within 60 days after the termination of this action, including all appeals, each Receiving Party must destroy all Protected Material, including all copies, extracts and summaries thereof.

[PROPOSED] STIPULATED
PROTECTIVE ORDER - 14
(Case No. 2:23-cv-00718-JCC)

1    The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has used reasonable efforts to destroy copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

Even after final disposition of this litigation, the confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

**12.    AUTHORIZED DISCLOSURE UNDER CIPA**

Plaintiff hereby consents to the limited disclosure and transfer of Confidential Information constituting or containing, or potentially constituting or containing, information protected under the California Invasion of Privacy Act, Cal. Penal Code §630, *et seq.*, if done solely for purposes of this litigation and in compliance with the terms of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 9, 2024                                         SUMMIT LAW GROUP, PLLC

By: *s/ Alexander A. Baehr*
Alexander A. Baehr, WSBA #25320
Diana S. Breaux, WSBA #46112
Molly J. Gibbons, WSBA #58357
315 Fifth Avenue S, Suite 1000
Seattle, WA 98104
Phone: (206) 676-7000
alexb@summitlaw.com
dianab@summitlaw.com
mollyg@summitlaw.com

[PROPOSED] STIPULATED
PROTECTIVE ORDER - 15
(Case No. 2:23-cv-00718-JCC)

|   |   |
|---|---|
|   | BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM LLP |
|   | Ekwan E. Rhow (*pro hac vice*)<br>Marc E. Masters (*pro hac vice*)<br>Barr Benyamin (*pro hac vice*)<br>1875 Century Park East, 23rd Floor<br>Los Angeles, CA 90067<br>Phone: (310) 201-2100<br>erhow@birdmarella.com<br>mmasters@birdmarella.com<br>bbenyamin@birdmarella.com |
|   | GLANCY PRONGAY & MURRAY LLP |
|   | Jonathan Rotter (*pro hac vice*)<br>Kara M. Wolke (*pro hac vice*)<br>Pavithra Rajesh (*pro hac vice*)<br>Holly K. Nye (*pro hac vice pending*)<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Phone: (310) 201-9150<br>jrotter@glancylaw.com<br>kwolke@glancylaw.com<br>prajesh@glancylaw.com<br>hnye@glancylaw.com |
|   | *Attorneys for Plaintiff Jane Doe* |
| DATED: May 9, 2024 | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: *s/ Patty A. Eakes*<br>Patty A. Eakes, WSBA #18888<br>1301 Second Avenue, Suite 3000<br>Seattle, WA 98101<br>Phone: (206) 274-6400<br>patty.eakes@morganlewis.com<br><br>Kathryn Deal (*pro hac vice*)<br>2222 Market Street<br>Philadelphia, PA 19103<br>Phone: (215) 963-5000<br>kathryn.deal@morganlewis.com |

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER - 16
(Case No. 2:23-cv-00718-JCC)

Zachary R. Lazar (*pro hac vice*)
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
Phone: (312) 324-1000
zachary.lazar@morganlewis.com

*Attorneys for Defendant Microsoft Corporation*

WILSON SONSINI GOODRICH & ROSATI, P.C.

By: *s/ Gregory L. Watts*
Gregory L. Watts, WSBA #43995
Tyre L. Tindall, WSBA #56357
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Phone: (206) 883-2500
gwatts@wsgr.com
ttindall@wsgr.com

Victor Jih (*pro hac vice*)
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067
Phone: (424) 446-6900
vjih@wsgr.com

*Attorneys for Defendants Qualtrics International Inc. and Qualtrics, LLC*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER - 17
(Case No. 2:23-cv-00718-JCC)

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

It is so ORDERED this 14th day of May 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

[PROPOSED] STIPULATED
PROTECTIVE ORDER - 18
(Case No. 2:23-cv-00718-JCC)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Doe v. Microsoft Corporation, et al.*, 2:23-cv-00718-JCC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. Further, I will not use Protected Material that is subject to this Protective Order except in connection with my work in this litigation.

[For *experts and consultants being given access to Highly Confidential materials*.] I further declare under penalty of perjury that: I (a) am not or have not within the last two years been employed by Microsoft, Qualtrics, or a competitor of Microsoft or Qualtrics (defined for purposes of this Paragraph as a company engaged in development, production, sales, or marketing of, in Microsoft's case, advertising software, products, technology, or services, or, in Qualtrics' case, experience management software, products, technology, or services); (b) do not anticipate (defined for purposes of this Paragraph as either 1) having finalized plans for future work with a competitor; 2) signed letters of intent for future work with a competitor; or 3) begun negotiations for future work with a competitor) being employed by such a competitor within the next two years; (c) and do not presently have, and do not anticipate (as that term is defined for purposes of this Paragraph) having a consulting, expert, or other compensated relationship with a Microsoft or Qualtrics competitor within the preceding two years or next two years; OR Microsoft, Qualtrics, or the Court has consented under Paragraph 5.4 to disclosure to me of material designated HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY. I understand this representation is a precondition to my ability to review material designated by Microsoft as Highly Confidential pursuant to the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____