THE HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANE DOE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation; QUALTRICS INTERNATIONAL INC., a Delaware Corporation; and QUALTRICS LLC, a Delaware Limited Liability,<br><br>Defendants. | Civil Action No.: 2:23-cv-718-RSM<br><br>**REPLY TO DEFENDANT MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br><br>March 26, 2026 |



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

- A. Rule 15 Controls ........ 1
- B. Plaintiff Likewise Satisfies Rule 16's Good Cause ........ 2
- C. The Proposed Amendments Do Not Prejudice Microsoft ........ 3
- D. There is No Undue Delay ........ 3
- E. The Amendments Are Not Futile ........ 4

III. CONCLUSION ........ 6




SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

## I. INTRODUCTION

The success of Microsoft's Opposition ("Opp.")[1] hinges primarily on purported procedural errors where none exist. Microsoft not only misconstrues the deadline to amend pleadings, but relies on inapposite case law to support its assertions. Plaintiff's Motion is timely under Rule 15 and the Scheduling Order, and thus Rule 16 is not applicable. And, even if it were, Plaintiff's timely and diligently filing of this Motion supports good cause to grant her Motion under Rule 16's heightened standard.

Procedural issues aside, Microsoft does not even come close to carrying its burden of establishing that granting Plaintiff's Motion will prejudice Microsoft, given the amendments primarily concern Qualtrics, and the amended definitions of "Kaiser" and "Kaiser Website" only serve to clarify the unnecessarily restrictive scope by Defendants. The only "prejudice" Microsoft claims is the potential re-opening of Plaintiff's deposition, and her two experts in support of class certification that have yet to be deposed. Moreover, the discovery cutoff has not been set, Microsoft has not yet served any expert reports, and the parties have not briefed class certification. And Microsoft's futility argument fails to address the facts: Plaintiff moved with diligence upon learning new facts throughout discovery, Plaintiff timely filed the Motion in compliance with the Scheduling Order, and Microsoft will suffer no unfair tactical disadvantage if the Court grants Plaintiff's Motion.

## II. ARGUMENT

### A. Rule 15 Controls

Plaintiff's Motion is timely, and should be reviewed under Rule 15 liberal amendment standards. Microsoft contends that Plaintiff's Motion is untimely because "Plaintiff did not obtain leave in time to amend her pleadings before [the] deadline" to amend pleadings. Opp. at 1. However, a motion for leave to amend is timely even if filed on or just before the Scheduling Order's deadline. *See Setty v. Shrinivas Sugandhalaya LLP*, 2024 WL 3226721, *2 (W.D.Wash. June 28, 2024) (finding "Plaintiffs are entitled to the more deferential Rule 15 amendment standards and need not show 'good

---

[1] Capitalized terms have the meaning set forth in Plaintiff's Motion (Dkt. 118) and internal citations are omitted.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

faith' under Rule 16" where the motion to amend was filed the day before the deadline); *LifeLast, Inc. v. Charter Oak Fire Ins. Co*., 2015 WL 12910683, at *1-2 (W.D.Wash. July 6, 2015) ("Rule 15(a)(2) applies because the deadline to amend pleadings had not yet expired" where motion was filed on the deadline).

**B. Plaintiff Likewise Satisfies Rule 16's Good Cause**

Only "[w]hen a party seeks to amend a pleading *after* the deadline for amendments of pleadings set forth in a scheduling order has passed" must the party show good cause for amendment under Rule 16. *Monper v. Boeing Company*, No. 2:13-cv-01569-RSM, 2016 WL 11782814, *3 (W.D.Wash. Oct. 24, 2016). The "good cause" standard primarily focuses on the diligence of the party requesting the amendment. *Fox v. State Farm Ins. Co.*, 2016 WL 304784, *2 (W.D.Wash. Jan. 26, 2016). Plaintiff was diligent in filing her Motion to satisfy Rule 16.

Despite Microsoft's efforts to distract the Court with complaints that Plaintiff did not meet and confer with Microsoft prior to filing the Motion (Opp. at 4, 6), this does not support that Plaintiff was not diligent here. Microsoft fails to offer any authority that requires a meet and confer – because there are not any – or that demonstrates how the lack of one here supports denial of Plaintiff's Motion – because it does not. There is no general meet and confer requirement for leaves to amend, *see* LCR 15, nor does this Court's chambers procedures set forth such a requirement.

And, Microsoft's reliance on *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) is misplaced. Opp. at 5-6. That case involved a motion to amend ***to add a new party beyond*** the cutoff date for joining new parties in the Case Scheduling Order. Here, Plaintiff timely filed her Motion before the deadline to amend pleadings, and does not add new parties or claims. Even if Rule 16 did apply, courts will find good cause where, as here, "plaintiffs did not have the information they needed to amend the complaint until after the deadline for amendments had passed, and once they had the necessary information, they promptly filed for leave to amend their complaint." *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2009 WL 35470, *3 (S.D. Cal. Jan. 5, 2009).



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

**C. The Proposed Amendments Do Not Prejudice Microsoft**

Microsoft has failed to show how it is prejudiced by the Proposed SAC. Microsoft argues the amendments are coming at a "late stage" of this case (Opp. at 10-11), but it is not uncommon for courts in the Ninth Circuit to permit amendment during the discovery period or later. *See Resnansky v. U.S.,* 2015 WL 1968606, *10 (N.D. Cal. May 1, 2015) (no undue prejudice found and amendment permitted where plaintiff waited until the day before the close of discovery to move to amend to increase damages because defendant was on notice of the issue); *Hurn v. Ret. Fund Tr. of Plumbing, Heating and Piping Indus.*, 648 F.2d 1252, 1254-55 (9th Cir. 1981) ("the denial of a motion for leave to amend was an abuse of discretion even though the motion was made 5 years after the original complaint was filed. Therefore, the delay effected by permitting an amendment to the complaint cannot alone justify the denial of leave to amend").

Microsoft claims it is prejudiced by the amendments because it may need to re-depose Plaintiff, or her experts which Microsoft has yet to depose. Opp. at 10-11. But additional discovery is not a basis for prejudice, nor is it a basis to deny Plaintiff's Motion. *See Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 653 (W.D.Wash. 2015) (noting that the need for additional discovery is not a basis for finding prejudice). Discovery in this case is ongoing, and assuming further discovery is necessary, Microsoft has failed to provide any explanation as to how the remaining discovery period – for which a cutoff date has yet been set – is inadequate. Even if it had, the "need for additional discovery is insufficient by itself to deny a proposed amended pleading," and Microsoft's arguments would fail. *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997). Microsoft has not met its burden.

**D. There is No Undue Delay**

While "undue delay by itself is insufficient to justify denying leave to amend," this factor is not applicable here. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see also Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) (refusing only due to delay would hinder the purpose of litigation to "vindicate meritorious claims"). Microsoft's assertion that Plaintiffs "knew or should have known of Microsoft's use of UET on websites other than



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

http://www.healthy.kaiserpermanente.org when she filed her initial Complaint" is a factual overreach. Opp. at 8. Microsoft supports this claim with the fact that Plaintiff failed to decipher Kaiser's ***JavaScript code*** at the time of that filing. Opp. at 8-9. These technical intricacies were only recently unearthed during discovery (*see e.g.*, Li Decl., Ex. 5 at 6), and Microsoft's data collection practices on any subdomain reporting to "kaiserpermanente.org" was uniquely within Microsoft's – not Plaintiff's – control at the time Plaintiff filed the initial Complaint.

Regardless, at the outset of discovery, Microsoft agreed to search for documents using "kaiserpermanente.org" and "kp.org," without a single term restricting searches to only "healthy.kaiserpermanente.com," and not once has Microsoft suggested that it was not providing discovery beyond healthy.kaiserpermanente.com. *See* Li Decl., Ex. 5 at 5. And, it was just a couple of months ago that Plaintiff deposed Microsoft's 30(b)(6) witness, where she learned that there was another subdomain of Kaiser that leveraged UET, which led to Plaintiff's further inquiry into the matter. *See id*. "Courts routinely allow parties to amend their pleadings after new information comes to light during discovery." *M.H. v. County of Alameda*, 2012 WL 5835732, *3 (N.D. Cal. Nov. 16, 2012). Plaintiff filed diligently based upon new information learned during discovery and timely in accordance with the Court's Scheduling Order. Even if Plaintiff "could have moved at an earlier time to amend," this "does not by itself constitute an adequate basis for denying leave to amend." *Howey,* 481 F.2d at 1191.

**E. The Amendments Are Not Futile**

Contrary to Microsoft's assertions, Plaintiff's proposed amendments to "Kaiser" and the "Kaiser Website" are not futile, and neither of the definitions fundamentally alter Plaintiff's original allegations against Microsoft.

First, Microsoft offers no explanation as to how the proposed amendment to the definition of "Kaiser" is futile, but instead, points to the statement from one, of many, interrelated Kaiser entities that that particular entity was not "responsible for implementing third-party technologies." Opp. at 10 (citing *In re Subpoena to Kaiser Found. Health Plan*, No. 3:25-mc-80379- LJC (N.D. Cal. Dec. 2, 2025), Dkt. 1-2 at 371, 407). This fact is trivial, at best, but certainly does not demonstrate futility.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

Second, Microsoft asserts that the subdomains that would be captured by the amendment to "Kaiser Website" are "irrelevant to her claims" and therefore futile. Opp. at 9. In support, Microsoft points to snapshots showing Kaiser subdomains, "kp.kaiserpermanente.org" and "thrive.kaiserpermanente.org," redirecting patients to "healthy.kaiserpermanente.org" for sign on (Opp. at 10; *see also* Li Decl. Exs. 7-8), and further argues that these subdomains are irrelevant because they are "geared toward advertising health insurance" which Plaintiff and the proposed classes "already have." Opp. at 10.

As to its latter point, Microsoft fails to acknowledge that Kaiser health insurance is not a prerequisite to be a Kaiser Member, nor is it required for Kaiser account creation, and Kaiser Members *with* Kaiser insurance are also left with the decision to renew or discontinue their Kaiser insurance. To Microsoft's former point, it is unclear what significance these subdomains redirecting back to "healthy.kaiserpermanente.org" has with respect to the instant Motion. To accept this catch-me-if-you-can argument is like saying any health information Microsoft collects from logged-in Kaiser Members on other subdomains is irrelevant to Plaintiff's privacy claims because log-ins can only happen on "healthy.kaiserpermanente.org" which is not the case. Microsoft itself explains that "Plaintiff's claims center on browsing activities she engaged in ***while logged into her Kaiser account***." Opp. at 9 (emphasis added). If a Kaiser Member logs into their account and is redirected back and forth from "https://healthy.kaiserpermanente.org" and other interrelated subdomains of the same Kaiser health system, then it logically follows that those subdomains are implicated by Plaintiff's allegations. Microsoft's attempt to limit Plaintiff's allegations to just "https://healthy.kaiserpermanente.org" because that is the only website that Plaintiff could "make appointments, search for doctors, review and manage their prescriptions, and review their medical records and medical history more broadly," omits that Plaintiff ***also*** alleges that Microsoft collects "the URLs of links that are accessed, all of which are associated with unique user identifiers that are collected," Dkt. 1, ¶28; Dkt. 75, ¶29, which naturally encompasses interrelated Kaiser subdomains that Kaiser Members visit. Cherry-picking Plaintiff's allegations to argue about *relevance* is



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

inappropriate. The amendment of the definition of the Kaiser Website is necessary to address Defendants' restrictive view.

Microsoft contends that because Plaintiff's having "already amended her complaint once" weighs against amendment now. Opp. at 11. But courts routinely grant leave to amend when a plaintiff has previously amended the complaint. *See, e.g., United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (leave to file fourth amended complaint). Plaintiff's single prior amendment to the complaint is insufficient to warrant denial of the appropriate amendments Plaintiff proposes here.

Finally, in an attempt to come to an agreement with Microsoft, Plaintiff agreed to remove "mobile application" from paragraph 7 of the Proposed SAC, despite the fact that Plaintiff did, in fact, testify that she downloaded the Kaiser mobile app for a period of time and used it to log into her account. *See* McKelvie Decl., Ex. 3 at 57:03-06. And Plaintiff's agreement to revise paragraph 114 to change "Defendants" to "Qualtrics" was merely because of that allegation's reference to "survey" distribution, which is not a function of Microsoft's UET. But, Microsoft's repeated claims that Plaintiff "admits" that she lacks a "Rule 11 basis" for several of her proposed amendments, Opp. at 1, is a complete mischaracterization of Plaintiff's good-faith efforts to revise the Proposed SAC to address Microsoft's concerns. *See* Li Decl., Ex. 5.

## III. CONCLUSION

Plaintiff respectfully requests this Court grant Plaintiff's Motion.

DATED this 26th day of March, 2026.

**SUMMIT LAW GROUP, PLLC**

I CERTIFY THAT THIS MEMORANDUM CONTAINS 2,064 WORDS IN COMPLIANCE WITH THE LOCAL CIVIL RULES.

By *s/ Alexander A. Baehr*

Alexander A. Baehr, WSBA #25320
Molly J. Gibbons, WSBA #58357
SUMMIT LAW GROUP, PLLC
315 Fifth Avenue S, Suite 1000
Seattle, WA 98104

Tel.: (206) 676-7000
Email: abaehr@summitlaw.com
mgibbons@summitlaw.com

**GLANCY PRONGAY WOLKE & ROTTER LLP**
Jonathan M. Rotter (admitted *pro hac vice*)
Holly K. Nye (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Tel.: (310) 201-9150
Email: jrotter@glancylaw.com
hnye@glancylaw.com
- and -
Takeo A. Kellar (admitted *pro hac vice*)
12544 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: (310) 201-9150
Email: tkellar@glancylaw.com

**BIRD, MARELLA, RHOW, LINCENBERG. DROOKS. & NESSIM, LLP**
Ekwan E. Rhow (admitted *pro hac vice*)
Marc E. Masters (admitted *pro hac vice*)
Monique M. Candiff (admitted *pro hac vice*)
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel.: (310) 201-2100
Email: erhow@birdmarella.com
mmasters@birdmarella.com
mcandiff@birdmarella.com

*Attorneys for Plaintiff*