UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>Defendants. | Case No. C23-718RSM<br><br>ORDER GRANTING MOTIONS TO SEAL |

This matter comes before the Court on Motions to Seal filed by the parties, Dkts. #120, #132, #144, #156, #166, #177, #186, #207, #215, and #223. These Motions are generally unopposed, except as stated below.

"There is a strong presumption of public access to the court's files." LCR 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another

> party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir.2003). Applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents attached to a motion for summary judgment when court records could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

The Court has deep reservations about sealing so many exhibits and portions of briefing. However, given the procedural posture of this case and the lack of opposition, the Court will grant these Motions and keep the related documents under seal at this time. The only exceptions are Exhibits A and B from Dkt. #122, Exhibit 3 from Dkt. #136, and Exhibits 4 and 12 from Dkt. #172, where the parties appear to agree that the documents at issue should not be sealed.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that the parties' Motions to Seal, Dkts. #120, #132, #144, #156, #166, #177, #186, #207, #215, and #223, are GRANTED IN PART. All related filings are to remain under seal. The parties are to file unsealed versions of Exhibits A and B from Dkt. #122, Exhibit 3 from Dkt. #136, and Exhibits 4 and 12 from Dkt. #172 within thirty (30) days of this Order. If the parties can agree to file

unsealed versions of any remaining exhibits, they can file a stipulated motion requesting that relief and setting forth the location of the sealed exhibits that are being replaced with unsealed versions.

DATED this 11th day of September, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE